|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 1:18-CR-25(1) |
| § | |
| SEAN KELLY JOSEPH § | |

## MEMORANDUM AND ORDER

Pending before the court is Sean Kelly Joseph's ("Joseph") *pro se* Motion for Early Termination From Supervised Release (#38), wherein Joseph seeks early termination of his five-year term of supervised release. While Joseph's supervising United States Probation and Pretrial Services ("Probation") Officer in the Southern District of Texas does not oppose the motion, his Probation Officer in the Eastern District of Texas prepared a report and recommends that the court deny his motion, allowing Joseph to complete his term of supervised release, as ordered. The Government is also opposed to Joseph's request for early termination. Having considered the motion, Probation's report, the Government's position, the record, and the applicable law, the court is of the opinion that Joseph's motion should be denied.

I.  Background

On April 4, 2018, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned an Indictment against Joseph, charging him in Count One with Possession with Intent to Distribute 500 Kilograms or more of Cocaine in violation of 21 U.S.C. § 841(a)(1). On June 7, 2018, Joseph pleaded guilty to the charged offense pursuant to a binding plea agreement. On August 16, 2018, the court sentenced him to 60 months' imprisonment, followed by 5 years of supervised release. Joseph was released from prison and began his term of supervised release

on January 14, 2022, in the Southern District of Texas, which is projected to expire on January 13, 2027.

In his motion, Joseph, age 48, asks the court to terminate his supervised release at this time. Joseph maintains that he has successfully served over half of his five-year term of supervised release. He states that he has "successfully rehabilitated himself" by completion of the Substance Abuse Treatment Program while imprisoned, including drug testing, and that he has never failed any drug or alcohol testing. He adds that he has never incurred any infraction, either in or out of prison. Joseph further maintains that he has "rehabilitated himself" by completing the CDL (commercial drivers license) program while imprisoned on April 13, 2022, and that he currently uses the CDL for employment at Stadium Transportation in Houston, Texas, where he has worked for over two years. Finally, he declares that he "is not a danger to the community," as evidenced by his law-abiding conduct since his release.

II.     Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v.*

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

*Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir. 2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018). "Early termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022). "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

Although Joseph's supervising Probation Officer in the Southern District of Texas does not oppose his motion, this fact, standing alone, is insufficient to justify granting his request for early termination. *See*, *e.g.*, *United States v. Boyd*, 606 F. App'x 953, 960 (11th Cir. 2015) ("Just as a federal prosecutor or probation officer cannot dictate a district court's sentence, they likewise do not call the shots concerning a court's decision whether to terminate early a term of supervised release. A criminal sentence is the court's sentence, not the prosecutor's and not the probation officer's."); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022) (finding that although the Government and Probation did not oppose early termination, that fact, standing alone, was insufficient to justify granting the defendant's request for early termination of supervised release); *United States v. Hartman*, No. 3:00-cr-228-B(01), 2013 WL

524257, at *1 (N.D. Tex. Jan. 18, 2013) (denying defendant's request for early termination of supervised release despite the Government's recommendation that it be granted), *adopted by* 2013 WL 540490 (N.D. Tex. Feb. 13, 2013); *United States v. Grimaldi*, 482 F. Supp. 2d 248, 249 (D. Conn. 2007) (denying early termination of supervised release even though the defendant's probation officer supported it).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *Lynn*, 2022 WL 2446328, at *3; *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination under 18 U.S.C. § 3583(e)"); *United States v. Seymore*, No. CR 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) ("[C]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." (quoting *United States v. Smith*, No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014))); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every

defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (citing 18 U.S.C. § 3583(e)(1)) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2

(W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89); *Seymore*, 2023 WL 3976200, at *1 ("[E]arly termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." (quoting *Smith*, 2014 WL 68796, at *1)).

Joseph's offense of conviction entails his possession with intent to distribute cocaine. On March 18, 2018, deputies with the Jefferson County Sheriff's Office made a traffic stop of a black Cadillac traveling on Interstate Highway 10 for speeding and making an unsafe lane change. The defendant was identified as the driver of the vehicle, who appeared to be overly nervous. He was accompanied by a female passenger seated directly in front of the glove compartment. Although she was awake and alert, she would not make eye contact with the deputy. When asked if there was any contraband in the vehicle, the defendant replied that there was not. When a deputy asked the defendant for consent to search the vehicle, however, he said "No." The deputy requested the assistance of a narcotics-detecting canine. The canine alerted to the presence of narcotics inside

6

the vehicle.  A search of the vehicle led to the discovery of approximately 1 kilogram of cocaine wrapped in cellophane in the glove compartment. The defendant subsequently admitted that he knowingly possessing the kilogram of cocaine and that he possessed the cocaine with the intent to distribute it.

Joseph's Presentence Investigation Report ("PSR") reveals that he has a long criminal history beginning in 1994, which includes prior convictions for theft from person, possession of a controlled substance, driving while license suspended (2x), evading detention with a vehicle, possession with intent to distribute 500 grams or more but less than 5 kilograms of cocaine, and illegal investment (he and four others pooled $230,000 to purchase 10 kilograms of cocaine). Joseph failed to comply with previous terms of probation and supervised release.  He also has prior arrests for aggravated robbery, driving while license suspended, bail jumping/failure to appear, and possession of a controlled substance.  In addition, Joseph has a long history of substance abuse, including the frequent use of alcohol, crack cocaine, and marijuana.  His PSR reflects that he admitted that he used marijuana on the day he was arrested for his offense of conviction.

In this situation, Joseph appears to have complied with his conditions of release to date, maintains stable housing, and has been employed with Stadium Transportation since 2022. According to his PSR, this is the same employer for whom he worked from 2011-2013 and again in 2015.  Probation reports that his Current Post-Conviction Risk Assessment Score is Low Moderate/Violence Category 1 with social networks as his dynamic risk factor.  Yet, Joseph identifies no new or exceptional circumstances or needs that would merit early release from supervision.  He fails to explain how the conditions of his supervised release limit his employment

7

opportunities, interfere with his family responsibilities, or otherwise impact his daily life in a significant manner. He does not clarify how being on supervised release keeps him from furthering his career, achieving additional goals, assisting his family, or engaging in community activities. Under the circumstances, the court finds the current conditions of Joseph's supervised release are not onerous and remain appropriate.

At this time, Joseph has served about three-fifths of his five-year term of supervised release. While Joseph's achievements to date should be commended, continuing him on supervision will provide him the best opportunity for a successful reentry in view of his repeated involvement for the past 30 years in a variety of criminal activities including theft, evading law enforcement, and multiple instances of drug possession and distribution, coupled with his long history of substance abuse. Requiring Joseph to complete his entire, five-year term of supervised release safeguards against the reoccurrence of criminal activity and drug use, while imposing only a limited burden on Joseph. The court finds that Joseph's post-release conduct does not warrant early termination of his supervised release. Generally, early termination of supervised release is not granted unless there are significant medical concerns, substantial limitations on employment, or extraordinary post-release accomplishments that would warrant such a release. Joseph does not identify any such circumstances in his motion and is instead seeking early termination of his supervision simply for complying with the conditions imposed by the court. Thus, although Joseph appears to be on the right path, the court believes that completion of his full term of supervised release appropriately reflects the seriousness of his offense, deters future criminal conduct, and provides needed structure for his continued rehabilitation. *See Lynn*, 2022 WL 2446328, at *4. In its report, Probation commends Joseph for his progress during his term of

8

supervised release but cites to Joseph's "varying offending patterns" and recommends that his motion for early termination be denied, allowing him to complete the term of supervised release, as ordered. The court concurs with Probation's assessment of the situation and finds that early termination of Joseph's term of supervised release would be contrary to the interest of justice.

III. Conclusion

In accordance with the foregoing, Joseph's *pro se* Motion for Early Termination From Supervised Release (#38) is DENIED.

SIGNED at Beaumont, Texas, this 6th day of November, 2024.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE